Affirmed and Memorandum Opinion filed December 2, 2008








Affirmed and Memorandum Opinion filed December 2, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00362-CR

____________

 

AMADO H. AGUILAR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 25th
District Court

Colorado County, Texas

Trial Court Cause No. 06-138

 



 

M E M O R A N D U M   O P I N I O N

Appellant was convicted of aggravated assault with a deadly
weapon and sentenced to confinement for 65 years in the Texas Department of
Criminal Justice, Institutional Division.  In two issues, appellant challenges
the conviction asserting that the trial court erred in (1) admitting evidence
of the previous statement of a witness, and (2) denying appellant=s motion for
continuance and request to remove counsel in violation of his right to counsel
of his choice.  We affirm.








I.  Factual and Procedural Background

On the evening of August 4, 2006, the complainant,
Christopher Luhan, walked to the home of Jonathan Aguilar.  Luhan joined
appellant and others in the front yard of Aguilar=s home where they
enjoyed beer and conversation for several hours.  Before Luhan attempted to
leave the Aguilar home, at around 2:30 in the morning, appellant pulled a gun
from the waistband of his pants and pointed it at Luhan.  After a few minutes,
appellant put the gun away, saying Ait wasn=t for [Luhan]; it
was for the Casanova brothers.@[1]  Shortly
thereafter, Luhan started walking toward his mother=s house, but
realized that she would not like that he had been drinking, so he started back
toward Aguilar=s home to ask if he could spend the night.  As Luhan
walked back toward the house, appellant asked Luhan if he was trying to Asneak up on him.@  Luhan said no,
but appellant pulled the gun and shot Luhan in the stomach.  As Luhan was lying
on the ground, appellant kicked him in the stomach, then walked back into the
house.

On January 18, 2007, the Friday before trial began the
following Tuesday, appellant filed a motion for continuance alleging that he
needed more time to prepare for trial because he wanted to subpoena witnesses,
but appellant failed to provide his counsel with the identity of any additional
witnesses.  Immediately before voir dire, appellant=s counsel raised
the motion for continuance and stated that appellant had requested to issue
subpoenas for additional witnesses, but refused to identify those witnesses to
counsel.  The trial court denied appellant=s motion for
continuance.








On the second day of trial, the trial court asked if
appellant intended to testify.  At that time, appellant stated that he wanted a
continuance while awaiting a response from the State Bar on a grievance he had
filed against his counsel.  Appellant stated that counsel failed to file
motions at appellant=s request preventing appellant from
obtaining evidence or witnesses.  Appellant failed to identify the evidence or
witnesses he intended to obtain if counsel had filed the requested motions. 
The trial court denied appellant=s request for
substitution of counsel.

At trial, the State called Clifton Mancias to testify about
a prior statement made to Eagle Lake police officer Steve Nelson.  Appellant
objected to Mancias= testimony because he suspected that
Mancias did not remember giving the statement to police and that the State=s sole purpose for
calling Mancias was to impeach him with his prior statement.  At a hearing
outside the presence of the jury, Mancias testified that he had no memory of
giving an oral or written statement to the police.  The State specifically
requested to call Mancias to Aimpeach him with his statements[.]@  The trial court
overruled appellant=s objection and permitted Mancias to
testify.  

Before the jury Mancias stated that he had no memory of
giving a statement to the police.  The State attempted to refresh his memory by
showing him his statement, but appellant objected and the trial court sustained
appellant=s objection.  The State later called Officer Nelson to
the stand.  Officer Nelson testified that he took a statement from Mancias in
which he stated that appellant told Mancias that he had shot Luhan.  Appellant
renewed his objection to improper impeachment, but the trial court overruled
appellant=s objection.

II.  Issues and Analysis

Appellant contends that the trial court erred in (1)
admitting evidence of Clifton Mancias= previous
statement, and (2) denying his motion for continuance on the grounds that he
was not represented by counsel of his choice.

A.      The
admission of evidence of Clifton Mancias= previous
statement was harmless error.








We review a trial court=s decision to
admit or exclude evidence under an abuse-of-discretion standard.  Long v.
State, 130 S.W.3d 419, 426 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  The credibility of a witness may be attacked by any party,
including the party calling the witness.  Tex.
R. Evid. 607.  A witness may be impeached with a prior statement when he gives
testimony at trial that is inconsistent with the prior statement.  Aranda v.
State, 736 S.W.2d 702, 707 (Tex. Crim. App. 1987).  If the witness claims
not to remember making the prior statement, the prior statement is admissible
for impeachment purposes.  See Ruth v. State, 167 S.W.3d 560, 566 (Tex.
App.CHouston [14th
Dist.] 2005, pet. ref=d).  In this case, when questioned about
the statement, Mancias stated he did not remember making a statement.

Although
Mancias= statement was
admissible for impeachment purposes, the State cannot call a witness that it
knows will testify unfavorably for the sole purpose of impeaching that witness
with otherwise inadmissible hearsay.  Hughes v. State, 4 S.W.3d 1, 5
(Tex. Crim. App. 1999).   In Hughes, the court of criminal appeals identified
the key issue in the analysis to be the State=s prior knowledge
that the witness would testify unfavorably.  Id. at 3.  Rather than
limit the language of Rule 607, the court reviewed the State=s knowledge as
part of the balancing analysis required by Rule 403.  Id.  The court
determined that if the State knows in advance that a witness will recant or
claim not to remember the statement, the State cannot call the witness solely
for the purpose of impeachment with the prior statement.  Id. at 7.

In
this case, the State learned during the hearing outside the presence of the
jury that Mancias did not remember making a statement to the police.   Further,
Mancias gave no favorable testimony to the State, nor did the State expect that
Mancias would give favorable testimony.  Therefore, the trial court abused its
discretion in permitting Officer Nelson to testify to the contents of Mancias= prior statement.








The State contends that the trial court did not err because
Mancias= statement was
admissible as a past recollection recorded under Texas Rule of Evidence
803(5).  The predicate for past recollection recorded is set forth in Rule
803(5) and requires that four elements be met: (1) the witness must have had
firsthand knowledge of the event, (2) the written statement must be an original
memorandum made at or near the time of the event while the witness had a clear
and accurate memory of it, (3) the witness must lack a present recollection of
the event, and (4) the witness must vouch for the accuracy of the written
memorandum.  Johnson v. State, 967 S.W.2d 410, 416 (Tex. Crim. App.
1998).  

Here, the State did not meet the predicate for
admissibility because Mancias did not vouch for the accuracy of the statement. 
When asked whether he remembered making the statement, Mancias responded that
he did not remember making the statement, nor did he remember signing the
statement.  Mancias acknowledged that the statement was signed by AIndigo Night Wolf,@ which is his
nickname, but testified that he never signs official documents with his
nickname.  Therefore, the State failed to meet the fourth criterion for
admissibility as a past recollection recorded.  See id.  

The error, however, was harmless.  Overruling an objection
to evidence will not result in reversal when other such evidence was received
without objection, either before or after the complained-of ruling.  Leday
v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).  At trial, Luhan
testified that appellant shot him.  Further, Officer David Wiese, an officer
who responded to the scene of the shooting, testified that he asked Luhan who
shot him and Luhan identified appellant.  Therefore, the court admitted the
only damaging evidence from Mancias= statement, that
appellant shot Luhan, through other sources.  Because the same evidence was
admitted without objection, the error is harmless.  Appellant=s first issue is
overruled.

B.      The trial
court did not err in denying appellant=s motion for
continuance.








We review the trial court=s denial of a
motion for continuance under an abuse-of-discretion standard.  Vasquez v.
State, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002).  While there is no
mechanical test to evaluate whether a denial of a continuance violates the
right to select counsel of one=s choice, the court of criminal appeals
has set out several factors to consider, including: (1) the length of the delay
requested, (2) whether other continuances were requested and whether they were
denied or granted, (3) the length of time in which the accused=s counsel had to
prepare for trial, (4) whether another competent attorney was prepared to try
the case, (5) the balanced convenience or inconvenience to the witnesses, the
opposing counsel, and the trial court, (6) whether the delay is for legitimate
or contrived reasons, (7) whether the case was complex or simple, (8) whether a
denial of the motion resulted in some identifiable harm to the defendant, and
(9) the quality of legal representation actually provided.  Ex parte Windham,
634 S.W.2d 718, 720 (Tex. Crim. App. 1982).  In addition to those non-exclusive
factors, the public interest in the fair and orderly administration of justice
may be greater than a defendant=s right to have counsel of his choice.  Id.
at 720.

Applying the facts of this case to the factors in Windham,
we conclude the trial court did not abuse its discretion in denying appellant=s motion for
continuance and his motion to substitute counsel.  Appellant did not specify
the length of delay requested, but sought additional time to locate witnesses
and evidence.  Appellant was indicted on September 18, 2006.  On September 22,
2006, he filed a motion for substitution of counsel seeking to substitute
Leonard Peters, his trial counsel, for K.S. AGator@ Dunn, the
Colorado County public defender.  The court granted that motion and Mr. Peters
became appellant=s counsel.  On appellant=s behalf, Mr.
Peters filed 28 motions before trial, including motions in limine, for
discovery, to inspect and test physical evidence, to inspect grand-jury lists,
and for inspection of the premises.  On October 10, 2006, Mr. Peters filed a
motion to withdraw as counsel on the grounds that he was unable to communicate
effectively with appellant.  On October 27, 2006, the trial court denied the
motion to withdraw.  Finally, counsel filed a motion for continuance on January
18, 2007, four days before the case was called for trial on January 22, 2007,
on the grounds that appellant wished to subpoena witnesses, but had failed to
identify those witnesses to counsel.  








Appellant failed to identify the length of time necessary
to identify his witnesses, nor did he identify those witnesses to the court. 
He had been indicted for four months, giving him ample time to identify
witnesses and have subpoenas issued.  The prosecution=s witnesses were
ready and present for trial, one of whom had been bench-warranted from outside
of the county.  Appellant did not indicate that another attorney was prepared
to try his case.  Appellant=s reason for the delay was that he wanted
to subpoena witnesses, but he refused to identify those witnesses.  The trial
court had no assurance that if it granted the continuance appellant would
identify the witnesses.  The case was not complex in that the complainant was
available to testify that appellant was the person who shot him.  Further,
appellant received competent legal representation at trial.

Appellant claims the denial of the motion resulted in
identifiable harm because he had filed a grievance against Mr. Peters, which
created a conflict of interest.  At trial, appellant told the trial court that
he had filed a grievance against Peters and wanted a continuance until the
grievance was decided by the State Bar.  

When a defendant alleges a conflict of interest, he must
show counsel actually represented conflicting interests and that an actual
conflict of interest adversely affected counsel=s performance.  Nethery
v. State, 29 S.W.3d 178, 188 (Tex. App.CDallas 2000, pet.
ref=d).  An actual
conflict of interest exists when counsel must choose between advancing his
client=s interest or
advancing another=s interests, including his own, to the
disadvantage of his client.  Monreal v. State, 947 S.W.2d 559, 564 (Tex.
Crim. App. 1997).  A disciplinary proceeding brought by a client against his
counsel creates an actual conflict of interest.  Garner v. State, 864
S.W.2d 92, 99 (Tex. App.CHouston [1st Dist.] 1993, pet. ref=d).  Where the
trial court knows or reasonably should know that a particular conflict of
interest exists, the court should initiate an inquiry.  See Cuyler v.
Sullivan, 446 U.S. 335, 346B47 (1980).








Appellant, however, has not shown this court the nature of
his complaint to the State Bar about his trial counsel.  On the second day of
trial, appellant asked to be heard on his request for continuance.  Appellant
told the judge he had not yet received an answer from the State Bar on a
grievance he filed against trial counsel.  He stated he felt that counsel had Anot been giving
[him] a fair representation or defense@ because counsel
had not filed the motions appellant requested, and counsel had not subpoenaed
certain witnesses.  Appellant also stated his desire to ask Luhan to reenact
the events of the shooting and his desire to ask Luhan questions about his
reenactment.  Appellant, however, did not want to represent himself.  The trial
court determined that the evidence appellant sought would not be admissible and
continued with the State=s witnesses.

The record does not indicate the nature of the grievance
appellant asserts he filed against counsel, nor does it reveal the ultimate
disposition of any proceedings against counsel or the timing of any such
disposition.  The record contains no copy of the grievance nor any other
evidence that any grievance was actually filed.  Neither does the record
disclose what requests, if any, appellant made to counsel before trial.  At
trial, counsel did not claim a conflict of interest existed between himself and
appellant.  We conclude the record does not support appellant's allegations
that an actual conflict of interest existed.  At best, appellant=s unsworn
allegations show the possibility of a conflict of interest.  The showing of a
potential conflict of interest, without more, does not constitute a showing of
an actual conflict of interest.  State v. Kelley, 20 S.W.3d 147, 154B55 (Tex. App.CTexarkana 2000, no
pet.).  Appellant did not sustain his burden to show an actual conflict of
interest and his entitlement to new counsel; therefore, the trial court was not
required to make further inquiry into appellant=s allegations of a
conflict of interest.  Because he fails to show an actual conflict between
himself and counsel, he fails to show he was entitled to a continuance based on
identifiable harm.  Appellant=s second issue is overruled.

 








The judgment of the trial
court is affirmed.

 

 

/s/      Jeff Brown

Justice

 

Judgment
rendered and Memorandum Opinion filed December 2, 2008.

Panel
consists of Chief Justice Hedges and Justices Brown and Boyce.

Do Not Publish C Tex. R. App. P.
47.2(b).

 









[1]  The prosecutor asked Luhan, AWho were the Casanova brothers?@  Luhan replied, AI
don=t know, some brothers that live in Eagle Lake, Texas.@